Frank Richmond and Gilbert Lawrenz, Plaintiffs-Appellants, v. County Board of School Trustees of Whiteside County, Illinois, Lyndon Community High School District Number 305, Whiteside County, Illinois, and Morrison Community High School District Number 307, Whiteside County, Illinois, Defendants-Appellees.

Gen. No. 67–71.

Third District.

March 14, 1968.

 

Nelson & Weinstine, of Morrison, for appellants.

Donald L. Sipe, of Prophetstown, for appellees.

ALLOY, P. J.

Plaintiffs Frank Richmond and Gilbert Lawrenz filed a petition for detachment from the Lyndon High School District (which is known as District No. 305) in Whiteside County, Illinois, and for annexation to the Morrison High School District (District No. 307) in said county. The prayer of the petition was denied by the County Board of School Trustees. Upon administrative review, the Circuit Court of Whiteside County affirmed the action of the Board of School Trustees.

On appeal in this court, the plaintiffs contend that the evidence presented before the County Board of School Trustees of Whiteside County clearly showed educational advantages and extracurricular advantages which would accrue to the students involved in the petition for detachment; that the decision of the County Board of School Trustees of Whiteside County was contrary to the manifest weight of the evidence. It is the contention of plaintiffs that Lyndon High School District would not be jeopardized by the loss of such revenue resulting from the detachment.

It appears from the record that Lyndon High School District is considerably smaller than Morrison High School District and that the assessed valuation for the Lyndon District is $5,672,146 upon which a tax rate of .920 (the highest in the County) is levied for the educational fund. The Morrison High School District has an assessed valuation of $35,505,524. The probable effect of the proposed change on the losing district would be a loss of $83,000 in equalized assessed valuation with a gain in the same amount to the annexing district. The record discloses that both schools offer a good basic education but that the Morrison High School District, as the larger district, offers a much broader curriculum together with more extracurricular activities. The extent to which the students participate in such activities is not clearly shown in the record. There was also a contention made that the City of Morrison is the natural community center for the petitioners.

The farm of plaintiff Lawrenz adjoins the Morrison District. Lawrenz has no children involved in the petition. The farm of plaintiff Richmond does not adjoin the Morrison District but adjoins the farm of Lawrenz. Richmond had a senior daughter and a sophomore son attending the Morrison High School. The daughter has since graduated from Morrison High School so there is only one pupil, a son, involved in the petition. The area involved in the petition is located at an equal distance from the two schools and both schools furnish bus transportation for students. They both also have a lunch program.

It was likewise disclosed that the Lyndon District is now levying the maximum tax rate it can levy without a referendum and that its present expenditures exceed its revenues. The effect of the change of boundary would result in a loss of about $900 of annual revenue to the Lyndon High School District. Such loss could cause a curtailment in services in the Lyndon District.

■■ We have had occasion in a number of cases to consider the question of detachment as between school districts, and have, in Wheeler v. County Board of School Trustees of Whiteside County, 62 Ill App2d 467, 210 NE2d 609, reiterated the guiding principles which apply to such detachment proceedings. In that case we were concerned also with a detachment and annexation as between school districts in Whiteside County and examined at length the principles which should guide a court of review in considering the record in such cases. We point out in that case that a change of boundaries or a refusal to change the boundaries in such proceedings should depend on the best interests of the schools in the area as well as the educational welfare of the pupils. We acknowledge that, in the event the determination of the County Board of School Trustees in any such case is not supported by substantial evidence, the rule which accords a prima facie validity to administrative decisions does not relieve a court of the important duty of examining the evidence in an impartial manner, setting aside any order which is unsupported in fact (Oakdale Community Consol. School Dist. No. 1 v. County Board of School Trustees of Randolph County, 12 Ill2d 190, at 195, 145 NE2d 736). We also observed in the case of Wheeler v. County Board of School Trustees of Whiteside County, supra, at page 476, that loss of assessed valuation alone would not prevent detachment where the maximum tax rate is not being levied by the losing district. We noted in the Wheeler case, however, that the loss of territory involved would not affect the operation of the school district from which detachment was sought. We also underlined in such case · that if detachment in fact would jeopardize the losing district, this would be a significant, substantial basis for denial of detachment.

■ In the case before us, the record discloses that the trial judge found, as appears in the record, that the financial effect is rather serious for the Lyndon District,

145

since it is already indebted on tax anticipation warrants and its prospective operating expenses will exceed its current income. It is apparent from the record that, with the present expenditures exceeding the revenue of the Lyndon District, there would clearly be jeopardy to the district if detachment were approved. On the basis of the showing in the record of such jeopardy and disadvantage to the Lyndon District, we do not believe that we would be justified in setting aside the decree of the Circuit Court (which affirmed the decision of the County Board of School Trustees denying such detachment). As we had indicated in the Wheeler case referred to, such jeopardy could, in a proper case, be a significant, substantial basis for denial of detachment.

The judgment of the Circuit Court of Whiteside County in this cause is, therefore, affirmed.

Affirmed.

STOUDER and CULBERTSON, JJ., concur.